**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JEFFREY L. SHERK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No.  13-cv-381-CJP |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**PROUD, Magistrate Judge:**

This matter is before the Court on Plaintiff's Unopposed Motion for Approval of Attorney's Fees Pursuant to 42 U.S.C. §406(b).  **(Doc. 34)**. Plaintiff's counsel represents that defendant's counsel has indicated that defendant has no objection.  Doc. 34, ¶12.

After this Court reversed and remanded pursuant to sentence four of 42 U.S.C. §405(g), the Commissioner granted plaintiff's application for benefits.  The fee agreement between plaintiff and his attorney provided for a fee of 25% of plaintiff's past-due benefits.  The Commissioner approved and withheld 25% of the past due amount ($21,181.25) pending court approval of the fee.  A different attorney represented plaintiff before the agency, and that attorney has been awarded $5,562.50 as his fee.  Accordingly, plaintiff's counsel here seeks an award of $15,618.75.  See, Doc. 34, Ex. 1 - 3.

42 U.S.C. §406(b)(1)(A) provides that the Court may allow a "reasonable fee," not in excess of 25% of the total of the past-due benefits.  However, if the

1

Court approves such a fee, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." *Ibid*.  In practical terms, as plaintiff's counsel recognizes, this means that, in the event of an award under §406(b)(1), counsel must refund any amount previously awarded under the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(B).   Counsel represents that he will refund to plaintiff the EAJA fee ($9,900.00) that was previously awarded.

The Supreme Court has held that §406(b)(1) controls, but does not displace, contingent fee agreement in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Having reviewed the circumstances presented here, including the time and effort expended by counsel, the excellent result received by plaintiff, the amount of the past-due benefits and the value of the projected benefits over plaintiff's expected life span, the Court concludes that $15,618.75 is a reasonable fee here. The Court notes that the Commissioner does not oppose the motion.  While the Commissioner has no direct stake in the §406(b)(1) fee request, she "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798, n. 6.

Wherefore, Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. §406(b)(1) **(Doc. 34) is GRANTED**.  The Court awards plaintiff's counsel Barry A. Schultz a fee of $15,618.75 (fifteen thousand, six hundred and eighteen dollars and seventy-five cents).

Counsel shall refund to plaintiff the amount previously awarded under the EAJA, $9,900.00.

**IT IS SO ORDERED.**

**DATED:   June 28, 2016.**


                                        **s/Clifford J. Proud**
                                        **CLIFFORD J. PROUD**
                                        **UNITED STATES MAGISTRATE JUDGE**